## Army and Navy Union Club License

*Owen M. Burns*, for appellant.

*Samuel J. Roberts*, for Pennsylvania Liquor Control Board.

EVANS, P. J., September 16, 1947.—This matter is before the court on appeal from the order of the Pennsylvania Liquor Control Board, refusing a club liquor license to appellant for the following reasons:

1. The Liquor License Quota Act of June 24, 1939, P. L. 806, provides for a quota of 117 retail licenses for the sale of liquor and malt beverages in Erie, Erie County, and there are at the present time 178 such licenses in effect which are of the type counted against the said quota. Accordingly, the quota of retail licenses for the said municipality is exceeded.

2. Apparently the organization has no primary interest or activity to which the sale of liquor shall be only secondary since it has had so much difficulty in holding the interest of its members and carrying out its purpose up to the present time.

3. The bylaws of the club are not being adhered to with respect to the signatures of applicants for membership.

4. The board is not satisfied that the minutes presented for inspection are the bona fide authentic records of the business of the organization.

With respect to the first reason assigned for refusal, this court has reversed its former position. We had held that in the Quota Act of 1939 the legislature had failed to make clear its intent and that we could not determine that the act placed clubs within its provisions: Application of Elmer C. Carrier Post 356, The American Legion, 28 Erie 39. But in its 1947 Session, the legislature clarified its position by the enactment of Senate Bill 814, as an amendment to the Quota Act. The purpose of the bill was to exempt certain veterans' clubs from quota requirements for 18 months. The bill was vetoed by the Governor. However, it must be taken as a declaration of legislative intent that all clubs are and have been subject to the limitations of the Quota Act. This requires us to hold that, when the quota of retail licenses is full, applications for club licenses must be refused. See Canteen Athletic Club's Appeal, 60 D. & C. 631.

The foregoing sustains the first reason of the board. There is ample evidence to support its remaining conclusions.

Garrison No. 524 of the Army and Navy Union, a National organization, has existed in the City of Erie for at least 25 years, and during that period has had a total membership of about 30 persons. A group formed from that organization obtained a charter for social purposes, under the name of the Army and Navy

Union Club, which was granted in the latter part of 1945 upon application to this court, and since that time the club has secured and maintained a membership, according to testimony on behalf of appellant, of approximately 33 persons. The testimony of investigating officers for the board shows that the club quarters consist of two rooms at Sixth and French Streets in the City of Erie, and that the equipment therein consists of tables and chairs, a makeshift bar, a piano, two stoves, and miscellaneous kitchen equipment. A spot check of listed members showed that some had received cards through the mail, for which no dues were paid. Examination of the minutes showed them to be signed "C. Schwartz, Acting Secretary" but the testimony was that that person had not actually signed them. At least half of the applications had been signed by one and the same person, making it apparent that they had not been executed by the applying candidates. This was contrary to the provisions of the bylaws. In behalf of appellant it was shown that two or three of the members were officers and had functioned in behalf of the organization in various patriotic activities in the City of Erie, but other than in that connection the club's activities were sporadic and of no great extent.

In the Appeal of Parris Social Club, 21 Erie 163, and in the Appeal of Fairfield Hose Company, no. 160, February term, 1947, this court held that club licenses are not granted to organizations, social or beneficial, where it appears that the sale of liquor is other than secondary to the real purposes of the club. In the Appeal of Parris Social Club, supra, it was also held that the legislature intended that the licensing of places for dispensation of liquor should be taken from the hands of the court, this power being placed in an agency or board set up under the act, and if the action of the agency or board can reasonably be sustained under the evidence the decision should not be disturbed. See also Blair's Appeal, 58 D. & C. 495.

Under all the evidence in this case, we conclude that the action of the board must be sustained.

And now, to wit, September 16, 1947, the order of the Pennsylvania Liquor Control Board, refusing a club liquor license to the Army and Navy Union Club, is affirmed and the appeal is dismissed.